

HODGES WALSH & BURKE, LLP
ATTORNEYS AT LAW
55 CHURCH STREET, SUITE 211
WHITE PLAINS, NEW YORK 10601

(914) 385-6000
FAX (914) 385-6000
www.hwb-lawfirm.com

John J. Walsh, Esq.
Direct E-Mail: jwalsh@hwmb-law.com

Defendants' application for a protective order is DENIED.

**SO ORDERED:**

*[signature]*

HON. VERNON S. BRODERICK 3/10/2020
UNITED STATES DISTRICT JUDGE

March 9, 2020

Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Room 415
New York, New York 10007

Re:    Forte v. City of New York, et al.
        Case No. 16-cv-0560
        Our File No. 041-028

Dear Judge Broderick:

      Pursuant to Section 3 of Your Honor's Individual Rules & Practices in Civil Cases, we are writing to apprise the Court of a discovery dispute regarding the location for the depositions of Defendants Kenneth Tallevi and Jahmar Cunningham. Specifically, Defendants Tallevi and Cunningham are seeking a protective order pursuant to FRCP § 26(c) directing that their depositions be held at their counsel's office in White Plains, NY.

      On February 25, 2020, pro bono limited discovery counsel for Plaintiff Daniel Forte provided notices scheduling the depositions of Defendants Tallevi and Cunningham to take place on March 30, 2020, at their office located at 599 Lexington Avenue, New York, NY, 10022. (*See* Ex. 1.) The next day we replied by email objecting to the location on the ground that Detectives Tallevi and Cunningham are active members of the White Plains Police Department and travel to Manhattan will take them away from their duties and require overtime and travel expenses to be paid by taxpayers. (*See* Ex. 2.) Plaintiff's counsel responded that they had already accommodated the Defendants by agreeing to hold the two depositions on the same day and that they were within their rights to designate the location for the deposition, particularly where, as here, the chosen location is within the District and within 100 miles of where Defendants Tallevi and Cunningham reside or transact business. (*See id.*) Plaintiff's counsel also noted that the chosen location is closer to this Court—where the action is based—and less

costly and more convenient for them and also likely for counsel for the other defendants whose office is also in Manhattan. (*See id.*) Nonetheless, Plaintiff's counsel suggested that they would agree to our request if Defendants Tallevi and Cunningham agreed to pay for their travel expenses and the cost of a court reporter. (*See id.*). Based upon this exchange, the parties have complied with the "meet and confer rule" as required under the Court's Individual Rules and FRCP § 37(a)(1).

## Position of Defendants Kenneth Tallevi and Jahmar Cunningham

As the Court is aware, "the party noticing the deposition usually has the right to choose the location." *Winfield v. City of New York*, 2018 WL 840085, at *11 (S.D.N.Y. 2018), however in the case of defendants living outside of the district, there is a "rebuttable presumption that, absent special circumstances, the deposition of a defendant will be held where the defendant resides" *Sec. & Exch. Comm'n v. Aly*, 320 F.R.D. 116, 118 (S.D.N.Y. 2017). "Underlying this rule is the fact that plaintiff has chosen the forum of the action, whereas the defendant has not... Moreover, it is generally the plaintiff who must 'bear any reasonable burdens of inconvenience that the action presents.'" *Realuyo v. Diaz*, 2000 WL 687585, at *1 (S.D.N.Y. 2000), quoting *Gulf Union Ins. Co. v. M/V Lacerta*, 1992 WL 51532, at *5 (S.D.N.Y. 1992).

When the parties cannot agree on a location, "[C]ourts retain substantial discretion to designate the site of a deposition ...." *E&T Skyline Constr., LLC v. Talisman Cas. Ins. Co., LLC*, No. 19-CV-08069 (AT)(SN), 2020 WL 469623, at *1 (S.D.N.Y. Jan. 28, 2020). "Under such circumstances, the Court may designate the time, place, and manner of a deposition for good cause." *Wei Su v. Sotheby's, Inc.*, 2019 WL 4053917, at *1 (S.D.N.Y. Aug. 28, 2019). In making such a determination the Court is guided by three factors – the cost, convenience, and litigation efficiency, of the competing locations. *see id.*

The Eastern District case, *Buzzeo v. Bd. of Educ., Hempstead*, 178 F.R.D. 390 (E.D.N.Y. 1998), is instructive as to the disputed issues. It has been cited over 54 times, as recently as this past January by the Southern District. *see gen E&T Skyline Constr., LLC v. Talisman Cas. Ins. Co., LLC*, No. 19-CV-08069 (AT)(SN), 2020 WL 469623, at *1 (S.D.N.Y. Jan. 28, 2020). In *Buzzeo*, the plaintiff had brought claims against the Hempstead Board of Education as well as Hempstead School District employees and Board members. Plaintiff's counsel noticed a deposition of those individuals at his law office in Patchogue, about 40 miles away from Hempstead. *see id.* The defendants sought a protective order from the court requesting that the depositions be held at the school district's headquarters in Hempstead. The court granted the defendants' application and found that there was good cause to hold the depositions at the headquarters in Hempstead rather than the plaintiff's attorney's office. In doing so, the court evaluated the cost, convenience, and litigation efficiency of holding the depositions at either location. As to cost, the court found that "the witnesses to be deposed all appear[ed] to reside in the Hempstead area, and would have to travel, at taxpayer expense, to the office of the plaintiff's attorney" and this weighed in favor of the defendants. *see id* at 393. The court also found that the Hempstead location would "promote the well-running of the school" since removing staff

from their place of business would disrupt the regular operation of the school district. *id.* Lastly, the Court noted it was more efficient to hold the deposition at the District Headquarters as many of the records were available there. *id.*

The circumstances here are similar to the facts in *Buzzeo*. At the outset, the parties in *Buzzeo* were determined to be employees of a municipal corporation, and thus the presumption was that the deposition would take place at the school district's "principal place of business." *id* at 392. The Defendant Detectives are also employees of a municipal corporation, the City of White Plains, and were made parties to this action based on conduct that occurred in the course of their employment. see Gen. Municipal Law § 119-n(a) Accordingly, it is presumed that the Defendant Detectives should be deposed in White Plains – the municipal corporation's principal place of business.

There is also good cause for the depositions to take place in White Plains after considering the three factors of cost, convenience, and litigation efficiency. The City of White Plains Police Department, which is the principal place of business and where Defendant Detectives are stationed, is located approximately 31 miles north of Plaintiff's counsel's office in Midtown Manhattan. Defendant Detectives will be taking additional time to appear for this deposition, requiring overtime compensation, and there will be travel expenses for them to get into Manhattan. The expenses and time involved will be even greater as Detective Tallevi lives in Carmel, NY (approximately 58 miles away) and Detective Cunningham lives in Poughkeepsie, NY (approximately 80 miles away). These added expenses will be borne by the City of White Plains taxpayers. Not only are Defendants public employees like the school staff defendants in *Buzzeo*, they are essential employees responsible for public safety. Holding the depositions in Manhattan will take them away from their duties for a much longer period of time than if they were held in White Plains.

While Plaintiff's counsel will likely argue that they may choose a location anywhere within the District where the matter is pending, we ask the Court to take note of Local rule 18 which states "A civil case shall be designated for assignment to White Plains if: (i) The claim arose in whole or in major part in the Counties of Dutchess, Orange, Putnam, Rockland, Sullivan and Westchester (the "Northern Counties") and at least one of the parties resides in the Northern Counties." We are not seeking to move this matter to the White Plains Courthouse however it bears mentioning that at least two of the parties reside in the northern counties and the claims arose "in major part" in White Plains. As such, the appropriate venue would have been the White Plains Courthouse however Plaintiff opted to file this action in Manhattan. Though it is still the same District, the Courts have clearly indicated a preference for convenience by having northern county disputes resolved in the northern counties. The Court should also be aware that we agreed to a live deposition of Plaintiff at Green Haven Correctional Facility which occurred on February 10, 2020. This was 47 miles from Defense Counsel's office in White Plains and we did not seek reimbursement for travel costs. Though Plaintiff makes cost arguments for the City of New York Defendants, those Defendants have not objected to our request to hold these depositions in White Plains.

In light of the *Buzzeo* decision and the general understanding that it is Plaintiff who must "'bear any reasonable burdens of inconvenience that the action presents,'" *Realuyo*, 2000 WL 687585, at *1, quoting *Gulf Union Ins. Co.*, 1992 WL 51532, at *5, we respectfully request that the Court grant our application for a protective order designating Defense Counsel's office in White Plains as the location for the depositions of Defendant Detectives Tallevi and Cunningham. Thank you for your consideration.

Position of Plaintiff Daniel Forte

As the Court is aware, "the party noticing the deposition usually has the right to choose the location." *Viera v. United States*, No. 18-CV-9270 (KHP), 2019 WL 6683556, at *2 (S.D.N.Y. Dec. 6, 2019) (internal quotation marks omitted) (holding that party failed to meet his burden to rebut the presumption that the noticing party may choose the location of deposition); *see also E&T Skyline Constr., LLC v. Talisman Cas. Ins. Co., LLC*, No. 19-CV-08069 (AT)(SN), 2020 WL 469623, at *1 (S.D.N.Y. Jan. 28, 2020) (overruling Defendant's objection and holding that deposition should take place as noticed at Plaintiff's counsel's office); *Trustees of Local 813 Ins. Tr. Fund v. Indus. Recycling Sys., Inc.*, No. 12-CV-1522 NG RLM, 2013 WL 6178579, at *1 (E.D.N.Y. Nov. 25, 2013) (denying Defendant's motion seeking a protective order directing that depositions be conducted in Westchester County rather than at the noticed location, which was plaintiff's counsel's office in Manhattan); *Finkelstein v. Sec. Indus. Automation Corp.*, No. CV2005-5195(NGG)(MDG), 2006 WL 3065593, at *1 (E.D.N.Y. Oct. 27, 2006) (declining to exercise discretion to designate a site other than that noticed by the deposing party).

Counsel for Defendants Tallevi and Cunningham erroneously suggests that there is an exception to the general rule governing the location of depositions that would apply in this case. In fact, the relevant exceptions provide that: (1) "[t]he deposition of a ***non-resident*** defendant, however, is generally conducted at the defendant's place of residence" and (2) "[w]here a corporation is involved as a party to the litigation, there is a general presumption in favor of conducting depositions of a corporation in its principal place of business." *Buzzeo v. Bd. of Educ., Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998) (emphasis added); *accord Toussie v. Cty. of Suffolk*, No. CV 05-1814(JS)(ARL), 2006 WL 1982687, at *2 (E.D.N.Y. July 13, 2006). Neither of these exceptions apply here because Defendants Tallevi and Cunningham are neither non-residents nor corporations.

Accordingly, here, Defendants Tallevi and Cunningham bear the burden of rebutting the presumption that the noticing party may choose the location of the deposition. *See Viera*, 18-CV-9270 (KHP), 2019 WL 6683556, at *2; *see also Trustees of Local 813 Ins. Tr. Fund*, No. 12-CV-1522 NG RLM, 2013 WL 6178579, at *1. In order to meet that burden, they must show "good cause" under Rule 26(c) of the Federal Rules of Civil Procedure—as determined through an analysis of cost, convenience, and litigation efficiency—for the issuance of an order modifying the location of the noticed depositions. *See id.* They have not met their burden.

In attempting to meet their burden, Defendants Tallevi and Cunningham rely heavily on a 20-year old case from the Eastern District of New York: *Buzzeo v. Bd. of Educ., Hempstead*, 178 F.R.D. 390 (E.D.N.Y. 1998). In that case, the court granted the defendant corporation's motion for a protective order requiring the depositions of eleven of its employees to be held at the school district's headquarters in Hempstead rather than the offices of plaintiff's counsel in Patchogue because (a) the cost of defendant's eleven employees traveling to plaintiff's counsel's office in Patchogue would be greater than the cost of just plaintiff's attorney traveling to the school district's headquarters in Hempstead; (b) it could be disruptive to the regular operation of the school district to require the defendant's eleven employees to leave the school district; and (c) the witnesses might need to reference voluminous records that were held at the school district' in Hempstead. *See id.* at 393. The facts in this case are distinguishable and more akin to other cases denying similar motions such as *E&T Skyline Constr., LLC v. Talisman Cas. Ins. Co., LLC*, No. 19-CV-08069 (AT)(SN), 2020 WL 469623 (S.D.N.Y. Jan. 28, 2020), *Viera v. United States*, No. 18-CV-9270 (KHP), 2019 WL 6683556 (S.D.N.Y. Dec. 6, 2019), and *Trustees of Local 813 Ins. Tr. Fund v. Indus. Recycling Sys., Inc.*, No. 12-CV-1522 NG RLM, 2013 WL 6178579 (E.D.N.Y. Nov. 25, 2013).

- <u>Presumption and Burden</u>: Unlike in *Buzzeo*, the deponents here are individual defendants rather than employees of a corporation. Accordingly, the presumption is that the noticing party has the right to choose the location of the deposition, and the burden is on Defendants Tallevi and Cunningham to show "good cause" that justifies a departure from the general rule and justifies the issuance of an order modifying the location of the noticed depositions.

- <u>Cost</u>: Unlike in *Buzzeo*, this case does not present a circumstance where either eleven deponents would need to travel to the location of the noticed depositions, or a single attorney would need to travel to the requested modified location. Indeed, counsel for Defendants Tallevi and Cunningham ignores the fact that both counsel for the Plaintiff and counsel for Defendants City of New York, Garrity, and McNellis have offices in Manhattan and would incur costs traveling to White Plains, which would impose costs on pro bono counsel and the taxpayers of the City of New York. *See, e.g., Viera*, No. 18-CV-9270 (KHP), 2019 WL 6683556, at *3 (denying party's request to move the noticed location of deposition and noting that the "[t]he cost factor is neutral" because "[t]he difference between the parties' preferred locations requires only *de minimis* additional travel expenses because all the locations are accessible by public transportation according to Google Maps"); *Trustees of Local 813 Ins. Tr. Fund*, No. 12-CV-1522 NG RLM, 2013 WL 6178579, at *3 (denying Defendant's motion for a protective order directing that depositions be conducted in Westchester County rather than Manhattan and noting that "plaintiffs argue that they would incur costs if forced to travel to Hartsdale").

- <u>Convenience</u>: Unlike in *Buzzeo*, this case does not present a circumstance where requiring Defendants Tallevi and Cunningham to travel to Manhattan would disrupt the operations of the White Plains Police Department. Indeed, notably, counsel for Defendants Tallevi and Cunningham is requesting that the depositions be held at his own office rather than

the White Plains Police Department and his office is only approximately 30 miles from the office of counsel for the Plaintiff. In any event, the defendants evidently had no problem shuttling Plaintiff back and forth between White Plains and Manhattan on the night of the incident. *See E&T Skyline Constr., LLC*, No. 19-CV-08069 (AT)(SN), 2020 WL 469623, at *1 (overruling Defendant's objection and noting that "Defendant does not provide any reasons why its witness's travel would be especially burdensome" and, therefore, "the convenience factor weighs in Plaintiff's favor.")

- Litigation Efficiency: Most importantly, unlike in *Buzzeo*, counsel for Defendants Tallevi and Cunningham do not argue that the relevant records are located at his office or even at the White Plains Police Department. *See Buzzeo*, 178 F.R.D. at 393 (ruling that deposition would be held where the relevant records were located). Rather, here, the relevant case files—including, in particular, deposition exhibits—are located at the offices of counsel for the Plaintiff in Manhattan. *See, e.g., E&T Skyline Constr., LLC*, No. 19-CV-08069 (AT)(SN), 2020 WL 469623, at *2 (overruling Defendant's objection and noting that voluminous factors would need to be transported from the noticed location in New York); *Viera*, No. 18-CV-9270 (KHP), 2019 WL 6683556, at *3 (denying party's request to move the noticed location of deposition and noting that the the relevant records were located at the noticed location); *Trustees of Local 813 Ins. Tr. Fund*, No. 12-CV-1522 NG RLM, 2013 WL 6178579, at *3 (denying Defendant's motion for a protective order directing that depositions be conducted in Westchester County rather than Manhattan because "the relevant case files—including deposition exhibits—are located at [plaintiffs'] counsel's office in Manhattan").

In light of the foregoing, Plaintiff respectfully requests that the Court deny the request for a protective order and allow the depositions to proceed at the noticed location in Manhattan. In the alternative, in the event that the Court is inclined to grant the request, Plaintiff respectfully requests that the Court order the movants to make arrangements and pay for the court reporter.

Very truly yours,

John J. Walsh (4092)
Hodges Walsh & Burke, LLP
Attorneys for Defendants
*The City of White Plains, Police Officers*
*Kenneth Tallevi and Cunningham*
55 Church Street, Suite 211
White Plains, New York
(914) 385-6000
jwalsh@hwb-lawfirm.com

Enclosures

cc:    Jonathan Gordon, Esq.
       Nicholas J. Mazza, Esq.
       Nicole Lapsatis Lech, Esq.
       Reed, Smith LLP.
       599 Lexington Avenue
       New York, New York 10022-7650

       Daniel Guillermo Saavedra, Esq.
       Assistant Corporation Counsel
       Special Federal Litigation
       New York City Law Department
       100 Church Street, Room 3-151
       New York, New York 10007