```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DANIEL FORTE,                                               :
                                                            :
                              Plaintiff,                    :
                                                            :       16-CV-560 (VSB)
              - against -                                   :
                                                            :              ORDER
                                                            :
CITY OF NEW YORK, et al.,                                   :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      Plaintiff Daniel Forte ("Plaintiff" or "Forte") brings this action against Defendants City of New York, Detective Brian McNellis, Detective Edward Garrity, White Plains Police Officers Kenneth Tallevi and Cunningham (collectively, "Defendants"), alleging violations of 42 U.S.C. § 1983 for unlawful search/seizure, false arrest, false imprisonment, conspiracy, fabrication of evidence, denial of his right to fair trial, and under a theory of municipal liability. The parties' stipulated deadline for the completion of discovery expired on January 15, 2021. (*See* Doc. 174.) Before me is the request of Defendants Kenneth Tallevi and Jahmar Cunningham (the "White Plains Defendants") that I amend the Case Management Schedule to allow for expert discovery in this matter. Because the White Plains Defendants have not established good cause for reopening discovery for that purpose, the White Plains Defendants' request is hereby DENIED.

### I. Background and Procedural History

      On January 19, 2021, the White Plains Defendants informed all parties, for the first time, that they intend to utilize expert witness testimony, and identified Dr. Elizabeth Spratt as their anticipated expert witness. (*See* Doc. 179, Ex. C.) During a January 21, 2021 post-discovery

conference before me, the White Plains Defendants accordingly requested that I amend the Case Management Schedule to allow for expert discovery for that purpose. The White Plains Defendants seek, as a prophylactic measure, Dr. Spratt's testimony on the propriety of the procedures surrounding the toxicology records from the Westchester County Department of Laboratories and Research in connection with the controlled substance allegedly found on Plaintiff during his arrest. (Doc. 176, at 1.) Specifically, they plan to have Dr. Spratt address the discrepancy between the reported weight of the controlled substances allegedly found on Plaintiff at the time of his arrest by the Police Department as compared to after processing by the lab, which led to him being charged with a higher degree of criminal possession of a controlled substance. Dr. Spratt's report describes how the variance in the measurements can be explained by the difference between procedures followed by the Police Department and the lab; the White Plains Defendants argue that admission of this report is needed, lest the trier of fact draws an inference of impropriety by the arresting Officers. (*Id*.)

The White Plains Defendants' request comes after nearly a year and a half of discovery since the parties filed a Case Management Schedule stipulating that they would not be utilizing expert witness testimony on September 16, 2019. (Doc. 140.) Since that original stipulation, the parties made multiple requests to extend discovery in the matter. (Docs. 154, 162, 164, 169, 171, 173.) During this time, the White Plains Defendants never once requested for leave to amend the Case Management Schedule to account for expert discovery, let alone raised their intention to the other parties to call an expert witness. Discovery closed on January 15, 2021. (*See* Doc. 174.) The White Plains Defendants' instant request post-dated that deadline by six days.

On February 12, 2021, Plaintiff filed a letter in opposition to the White Plains Defendants' request for expert discovery. (Doc. 176.) Plaintiff opposes the White Plains

Defendants' request and asks that I proceed to enter a briefing schedule for summary judgment. (*Id*. at 3.)  Pursuant to my February 16, 2021 Order directing additional briefing, (Doc. 177), on February 23, 2021, Defendants submitted a letter response in support of the request, (Doc. 178), and on March 5, 2021, Plaintiff submitted his reply, (Doc. 179).

## II.     Discussion

Federal Rule of Civil Procedure 16(b) allows for a court-ordered discovery schedule to be modified for good cause and with the judge's consent.  Fed. R. Civ. P. 16(b)(4).  "The decision to re-open discovery is within a district court's discretion."  *Krawec v. Kiewit Constructors Inc.*, No. 11 CIV. 0123 LAP, 2013 WL 1104414, at *8 (S.D.N.Y. Mar. 1, 2013).  "As a general rule, discovery should only be re-opened for good cause, depending on the diligence of the moving party."  *Id*.

"[T]he primary consideration in determining good cause is whether the moving party can demonstrate diligence."  *Rubik's Brand Ltd. v. Flambeau, Inc*., 329 F.R.D. 55, 58 (S.D.N.Y. 2019).  The movant must show that, "despite its having exercised diligence, the applicable deadline set in the court's scheduling order could not reasonably have been met." *Tatintsian v. Vorotyntsev*, No. 1:16-CV-7203-GHW, 2021 WL 780139, at *5 (S.D.N.Y. Jan. 27, 2021) (quoting *Liverpool v. City of New York*, No. 18-cv-1354 (PAE)(BCM), 2020 WL 3057466, at *2 (S.D.N.Y. June 9, 2020)); *see, e.g.*, *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc*., 118 F.3d 955, 961 (2d Cir. 1997) (affirming denial of request to modify schedule to accommodate filing of an expert report where movant had failed to supply an adequate explanation for failing to comply with the discovery deadline).  A court "may properly deny further discovery if the nonmoving party has had a fully adequate opportunity for discovery."  *Trebor Sportswear Co. v. The Ltd. Stores, Inc*., 865 F.2d 506, 511 (2d Cir. 1989); *see, e.g.*, *Burlington Coat Factory Warehouse*

*Corp. v. Esprit De Corp.*, 769 F.2d 919, 927 (2d Cir. 1985) (denying additional discovery where movant "had ample time in which to pursue the discovery that it now claims is essential").

In addition, in deciding whether good cause exists to reopen discovery, courts may consider:

> the moving party's explanation for failing to comply with the scheduling order and diligence in seeking a modification to the schedule, the importance and relevance of the expert testimony to the case, whether the party seeking the additional discovery has had an adequate opportunity for discovery, prejudice to the party opposing the request, and imminence of trial.

*Rubik's Brand*, 329 F.R.D. at 58. Application of these factors is not mandatory and some courts choose not to consider them. *Saray Dokum v. Madeni Aksam Sanayi Turizm A.S.*, 335 F.R.D. 50, 52 (S.D.N.Y. 2020) ("we will consider them to the extent we deem pertinent").

The White Plains Defendants assert that good cause exists for reopening discovery to permit expert discovery because they only found out after the completion of depositions in late October 2020 that Plaintiff intended to pursue the discrepancy in the measurement of the controlled substance as an issue. (Doc. 178, at 2.) The White Plains Defendants claim that they were put on notice of the relevance of this issue to Plaintiff's claims after being deposed on October 21 and 22, 2020 and each questioned about the fact that they charged Plaintiff with Criminal Possession of a Controlled Substance in the Fifth Degree, despite a laboratory report that the weight of the controlled substance allegedly found on him was less than 500 milligrams. (Doc. 179, at 2–3.) As soon as this became apparent, the White Plains Defendants identified Dr. Spratt as a witness, provided her with the necessary records for review, and allowed her time to provide a report on this issue, which she completed on January 11, 2021. (Doc. 178, at 2.) They produced the report to Plaintiff's counsel eight days later. (*Id.*)

Plaintiff, in opposition, argues that the White Plains Defendants were aware that the discrepancy in the measurements of the substance would be an issue in this matter long before the discovery deadline on January 15, 2021. Plaintiff submits that the record is replete with references to this discrepancy, as follows:

1. Plaintiff's Second Amended Complaint, filed August 9, 2017, alleged that Defendant Tallevi had endorsed an Accusatory Instrument wherein Defendant McNellis of New York City Police Department had provided false information, and that the WP Defendants actions constituted malicious prosecution because they improperly charged him with Criminal Possession of a Controlled Substance in the Fifth Degree, (Doc. 86, ¶¶ 35, 42–43);

2. Plaintiff's Memorandum of Law in Opposition to Defendants' Motions to Dismiss, filed December 5, 2017, argued that: "Defendant Tallevi prepared two accusatory instruments which state [that he] personally inspected the substance and based upon his [t]raining determined it to be crack cocaine. Tallevi also swore that the substance was more than 500 milligrams, Exhibit E-2[,] which according to lab report Exhibit E-3[,] was not true," (Doc. 109, at 18);

3. My September 28, 2018 Opinion & Order noted that the heightened charge of criminal possession of a controlled substance in the fifth degree was "based upon the erroneous finding that more than 500 milligrams of cocaine was found on Plaintiff's person" and that "the appropriate charge should have been criminal possession of a controlled substance in the seventh degree, because Plaintiff had less than 500 milligrams of cocaine," but declined to address Plaintiff's malicious prosecution claim as to the charge for criminal possession of a controlled substance in the fifth degree at that stage, (Doc. 114, at 25–26 n.12);

4. Plaintiff's Requests for Production of Documents, served May 8, 2019, sought "any and all documents concerning . . . the alleged probable cause that the [WP Defendants] had to charge Plaintiff with criminal possession of a controlled substance in the Fifth Degree." (Doc. 179, Ex. A, ¶ 12.) In response, White Plains Defendants produced the accusatory instrument regarding Plaintiff's possession of the controlled substance, the White Plains Police Department's property intake form regarding receipt of the drugs, and the supporting deposition of a forensic scientist, which clearly showed the discrepancy in the weight of the controlled substance. (*Id.*, Ex. B.)

I first note that no trial date has been set and the additional proposed discovery will therefore have no impact on the timing of the final resolution of this case. Furthermore, the discovery sought is potentially relevant to the issue of whether the White Plains Defendants maliciously prosecuted Plaintiff by improperly overestimating the weight of the controlled substance found on Plaintiff so as to charge him with a higher crime than was warranted.[1] However, the "primary consideration" in a good cause inquiry is whether the movants exercised reasonable diligence, *Rubik's Brand*, 329 F.R.D. at 58, and here, application of the other factors shows that they did not.

The White Plains Defendants were aware or should have been aware long before the close of discovery of the possibility that Plaintiff would rely upon the alleged inaccuracies in the weighing of the controlled substance found on his person in proving his wrongful prosecution claim. In view of the multiple references in the record to the alleged impropriety of the charge against Plaintiff for Criminal Possession of a Controlled Substance in the Fifth Degree, dating back to Plaintiff's Second Amendment Complaint, the White Plains Defendants' proffered

---

[1] Plaintiff argues that the expert report in question is neither important nor relevant to this case, as Dr. Spratt's testimony centers around the argument that the White Plains Police Department engages in a routine practice of overestimating the weight of controlled substances and that the final laboratory reports often show the final weight "to be lower than the aggregate weight," (Doc. 179, Ex. C), whereas Plaintiff's malicious prosecution claim is grounded on the notion that the White Plains Defendants lacked probable cause to prosecute him on the charge of Criminal Possession of a Controlled Substance in the Fifth Degree due to their failure to conduct a proper investigation into the weight of the controlled substance found on Plaintiff to begin with, (*id.* at 3). For instance, Plaintiff points to the White Plains Defendants' inability to recall, during their depositions, whether they had weighed the substance found on Plaintiff at all. (*Id.*; Doc. 176, Ex. C, at 143:14-21; Ex. D, at 159:25, 160:2-12.) In Plaintiff's view, these omissions alone are damning, and proving ill intent by the White Plains Defendants is not necessary for proving his malicious prosecution claims. I decline to prejudge the importance or lack thereof of Dr. Spratt's testimony at this juncture. At the very least, the White Plains Defendants have articulated how the report could "potentially be relevant" to explaining to a trier of fact whether or not the discrepancies in the reported weight of the controlled substance found on Plaintiff at the time of his arrest and after lab processing were due to improper procedures undertaken by the White Plains Defendants. *See Rubik's Brand*, 329 F.R.D. at 60 (allowing modification of discovery to admit expert report where movant had "sufficiently articulated possible relevance" of that report). I also note that neither party addresses whether or not the laboratory technician who weighed and conducted the testing of the substance at issue will be a fact witness, and this ruling does not address whether or not the technician would be an appropriate fact witness. Nor does my holding today govern how the parties are entitled to present their cases at trial. However, I will be mindful of arguments or suggestions that might be misleading to the jury.

explanation for their delay appears wanting. As Defendants' responses to Plaintiff's Requests for Production make clear, the White Plains Defendants were themselves in possession of evidence regarding the discrepancy in the weight of the controlled substance found on Plaintiff. Armed with this information, the White Plains Defendants had ample opportunity—and it was their responsibility—during the extended discovery window of over a year to seek leave to obtain expert testimony to defend against Plaintiff's claims before the parties' stipulated deadline in the Case Management Plan. This alone is fatal to the White Plains Defendants' request. *See Burlington Coat Factory*, 769 F.2d at 927.

Furthermore, even assuming that the White Plains Defendants only found out that the discrepancy could be an issue at trial in late October 2020, their three-month delay before first raising their intention to utilize expert witness testimony or disclosing the identity of their witness evinces their lack of diligence in seeking a modification to the existing discovery schedule. The White Plains Defendants could have raised their desire to modify the discovery schedule with Plaintiff or filed a request to modify the discovery schedule as soon as they had made this purported discovery; instead, they opted to scout for and retain an expert witness to produce a report without Plaintiff's knowledge, and only ask for license to do so after the fact. This smacks of gamesmanship. The White Plains Defendants' decision to sit idle on seeking leave to pursue discovery leads that might be relevant to their defenses without any plausible explanation for their delay weighs against granting their request now that discovery has closed in this case. *See, e.g.*, *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, No. 87 CIV. 0167 (JMC), 1990 WL 164859, at *5 (S.D.N.Y. Oct. 24, 1990), *order aff'd and remanded*, 118 F.3d 955 (2d Cir. 1997) (denying modification of scheduling order to accommodate new expert witness where movant did not "unexpectedly discover[] the existence of an important witness" but rather "may

have been considering obtaining a new expert for several months" before the post-discovery conference).

Finally, reopening discovery and allowing the White Plains Defendants to utilize their expert report despite the parties' stipulation in 2019 that they would not be pursuing expert discovery will prejudice Plaintiff by imposing on him additional expenses and delays in resolution of this litigation. Although trial is not imminent, it has been more than four years since Plaintiff filed his initial complaint, (*see* Doc. 1), and discovery in this case has stretched out for nearly a year and a half. To admit the White Plains Defendants' expert report at this point, when Plaintiff was not given advance notice that such a report was in the works, would force Plaintiff to incur additional costs to adequately prepare to rebut the report, or otherwise risk impairment of his claims. This factor cuts even more strongly against the White Plains Defendants when considering that Forte is an indigent pro se Plaintiff—represented by counsel only for the limited purpose of for the purposes of conducting document discovery and depositions, (*see* Doc. 140)—and will likely have substantial difficulty finding and paying to retain an expert to rebut Dr. Spratt's expert report or defending against the report without his own, corresponding, expert testimony.

Together, these factors weigh against modifying the scheduling order to allow expert discovery and admit the White Plains Defendants' proposed expert report.

### III.   Conclusion

For the foregoing reasons, the White Plains Defendants' motion to reopen discovery is DENIED. The parties are directed to proceed to summary judgment briefing in accordance with the following schedule:

1. Motions for summary judgement shall be filed no later than April 27, 2021.

2. Opposition papers, if any, shall be filed no later than June 11, 2021.

3. Reply papers, if any, shall be filed no later than July 12, 2021.

SO ORDERED.

Dated: March 8, 2021
      New York, New York

                                           Vernon S. Broderick
                                           United States District Judge